UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KARTIK GERA,<br><br>　　　　　Defendant. | Case Nos. 5:24-po-00025-CDB<br>　　　　　 5:22-po-00026-CDB<br><br>ORDER DENYING MOTIONS OF OFFICE OF FEDERAL DEFENDER TO APPOINT COUNSEL<br><br>(Doc. 4)<br>(Doc. 6) |

**Background**

On December 22, 2023, Defendant Kartik Gera was issued two citations near Mile Marker 19 of Badwater Road (Death Valley National Park) for violation of 36 C.F.R 2.1(a)(1)(iv) [Possessing, Destroying, Injuring, Defacing, Removing, Digging or Disturbing From] and 36 C.F.R. 4.10(a) [Operating a Motor Vehicle Off Road in Undesignated Areas]. On December 25, 2023, Defendant was issued a third citation at the same location within Death Valley National Park for violation of 36 C.F.R. 2.32(a)(2) [Failure To Obey a Lawful Order].

On February 26, 2024, and February 27, 2024, the Office of the Federal Defender filed applications for the appointment of counsel to Defendant in both actions. (No. 5:24-po-00025-CDB [Doc. 4], No. 5:24-po-00026-CDB [Doc. 6]). In support of the applications, the Office of the Federal Defender submitted ex parte to the undersigned's chambers a financial affidavit attested to

by Defendant, which subsequently was filed with restricted public access. (No. 5:24-po-00025-CDB [Doc. 6], No. 5:24-po-00026-CDB [Doc. 67]) To inform the Court's assessment of whether appointment of counsel is appropriate, the Court directed the United States of America ("government") to file a statement setting forth whether it intends and reserves its right to seek a sentence of imprisonment upon any conviction of Defendant, or whether it agrees to forgo recommending any sentence of imprisonment upon conviction. (Docs. 5, 7) (noting that, pursuant to Fed. R. Crim. P. 58(a)(2), the Court has discretion to apply or forgo from applying the provisions of Rule 58 as it deems appropriate in any case where the charged petty offense will not result in the imposition of a sentence of imprisonment).

On March 1, 2024, the government filed a statement in both actions indicating its intent not to pursue a custodial sentence.

**Governing Legal Standard**

Rule 58 of the Federal Rules of Criminal Procedure applies in all cases charging a petty offense or other misdemeanor. Fed. R. Crim. P. 58(a)(1). If a charged petty offense will not result in the imposition of a sentence of imprisonment, the Court has discretion to apply (or forgo from applying) the provisions of Rule 58 as it deems appropriate. Fed. R. Crim. P. 58(a)(2).

A defendant charged with a petty offense or other misdemeanor has the right to retain counsel. Fed. R. Crim. P. 58(b)(2)(B). In addition, unless the charge is a petty offense for which the appointment of counsel is not required, a defendant also has the right to request the appointment of counsel if the defendant is unable to retain counsel. Fed. R. Crim. P. 58(b)(2)(C). The Court is required to appoint counsel for any financially eligible defendant charged with a Class A misdemeanor. 18 U.S.C. § 3006A(a)(1)(A).

The Court may appoint counsel for any financially eligible defendant charged with a Class B or lesser misdemeanor only if it determines that the interests of justice require appointment. 18 U.S.C. § 3006A(a)(2)(A). A defendant has the burden of demonstrating that he is financially eligible for free counsel, and the court should only appoint counsel if it is satisfied after appropriate inquiry that the person is financially unable to obtain counsel. *United States v. Kodzis*, 255 F. Supp.2d 1140, 11143 (S.D. Cal. 2003) (citing *inter alia United States v. Ellsworth*, 547 F.2d 1096,

1098 (9th Cir. 1976)). "A person is financially unable to obtain counsel ... if the person's net financial resources and income are insufficient to obtain qualified counsel considering the cost of ... the necessities of life." *United States v. Konrad*, 730 F.3d 343, 347 (3d Cir. 2013) (internal quotations omitted) (citing 7A *Guide to Judiciary Policy* §§ 210.40.30(a) (quoting 18 U.S.C. § 3006A)).

**Discussion**

Here, Defendant is not entitled to Court appointment of counsel. He is charged with a Class B misdemeanor, and, thus, may not be appointed counsel in any case unless the interests of justice require such appointment. 18 U.S.C. § 3006A(a)(2)(A). No showing has been made why the interests of justice in this case require the appointment of counsel. Indeed, the fact that the government intends to seek no sentence of imprisonment upon conviction counsels against finding that the interests of justice are served by the appointment of counsel.

Even if Defendant carried his burden of demonstrating that the interests of justice require appointment of counsel, the Court may not appoint counsel unless Defendant is financially unable to obtain counsel. *Id.* Based on its review of the financial affidavit submitted ex parte by the Office of the Federal Defender on Defendant's behalf, including Defendant's claim to any salary or cash resources, the value and equity of any assets less any mortgages or other encumbrances, and any monthly expenses or other recurring liabilities, the Court concludes that even if Defendant had a right to request the appointment of counsel, Defendant does not qualify financially for such appointment. *E.g., Perera v. United States*, 932 F.2d 973 (9th Cir. 1991) (unpublished).

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

For the foregoing reasons, the applications of the Office of the Federal Defender for the appointment of counsel on Defendant's behalf (No. 5:24-po-00025-CDB [Doc. 4], No. 5:24-po-00026-CDB [Doc. 6]) are **DENIED**.

IT IS SO ORDERED.

Dated:   **March 1, 2024**                    _____
                                                            UNITED STATES MAGISTRATE JUDGE