UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARTIK GERA,<br><br>Defendant. | Case Nos. 5:24-po-00025-CDB<br>　　　　　5:22-po-00026-CDB<br><br>ORDER DENYING RENEWED APPLICATIONS OF OFFICE OF FEDERAL DEFENDER TO APPOINT COUNSEL<br><br>(Doc. 13)<br>(Doc. 13) |

　　　　On March 1, 2024, the Court denied applications filed by the Office of the Federal Defender for the appointment of counsel to Defendant Kartik Gera in both of these actions. (No. 5:24-po-00025-CDB [Doc. 10], No. 5:24-po-00026-CDB [Doc. 11]). The Court found that the interests of justice did not warrant the appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(A) and that, based on the financial affidavits submitted, Defendant was not financially eligible for the appointment of counsel. *Id.* at 3 (citing *Perera v. United States*, 932 F.2d 973 (9th Cir. 1991)) (unpublished).

　　　　Pending before the Court are the renewed applications filed by the Office of the Federal Defender for the appointment of counsel to Defendant. (Doc. 13). Counsel seeking appointment represents that changed circumstances following Defendant's recent involvement in an automobile accident warrant the appointment of counsel. Counsel represents that the accident has "hinder[ed]

[Defendant's] ability to effectively represent himself in this matter" due to fatigue and reduced focus and his need to attend to medical appointments, counseling, and physical therapy.  Counsel further represents that Defendant's financial standing has been impacted because he no longer has a vehicle, relies on grocery delivery services, and "expects his income to be reduced throughout his recovery."  Counsel supports the renewed applications with amended financial affidavits, which the Court has reviewed.

The Court incorporates from its earlier order the governing legal standard and reiterates that Defendant is not entitled to appointment of counsel in these actions.  While the Court is sympathetic to Defendant's unfortunate involvement in an automobile accident, that singular changed circumstance and the resultant impact to Defendant's reported physical and emotional state and time available to devote to preparing his defense does not change the Court's view that he fails to carry his burden of demonstrating that the interests of justice warrant appointment of counsel.  It bears repeating that Defendant is charged by citation with Class B misdemeanor offenses for which the government has disavowed any intent to recommend imposition of a sentence of incarceration upon conviction.  Thus, to the extent the Court may consider Defendant's circumstances in light of his automobile accident as informing whether the interests of justice favor appointment of counsel, there simply is no showing by sworn declaration or otherwise that Defendant's reported diminished capacity is so extreme that he is unable to effectively represent himself without appointed counsel. As it has already in this case, the Court will continue to entertain reasonable requests by Defendant for continuances of court proceedings to accommodate what appears to be the temporary adverse circumstances that he is experiencing.

Moreover, based on the information contained in the amended financial affidavits, the Court still finds that Defendant is not financially eligible for the appointment of counsel.  The Court has considered the changed circumstances as reflected in those affidavits, including the removal of Defendant's equity in his vehicle and additional expenses, but also notes that Defendant's reported income has increased. Thus, the Court maintains its earlier conclusion that even if Defendant had a right to request the appointment of counsel and the interests of justice weighed in his favor, Defendant does not qualify financially for such appointment.  *E.g., Perera v. United States*, 932

F.2d 973 (9th Cir. 1991) (unpublished).

## Conclusion and Order

For the foregoing reasons, the renewed applications of the Office of the Federal Defender for the appointment of counsel on Defendant's behalf (No. 5:24-po-00025-CDB [Doc. 13], No. 5:24-po-00026-CDB [Doc. 13]) are **DENIED**.

IT IS SO ORDERED.

Dated:  **April 12, 2024**          _____
UNITED STATES MAGISTRATE JUDGE